UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL ROBINSON, on behalf of
Himself and others similarly situated,

     Plaintiff,                                 Case No.:
                                               Hon.

v.

SHEPPARD PERFORMANCE GROUP, INC.,        JURY DEMAND
A Foreign Profit Corporation, JAMES A.
SHEPPARD, and MELISSA GUY, individually,

     Defendants.

_____/

JOHN A. SCHIPPER (P68770)
Disability & Benefits Associates of
Michigan, PLC
Attorney for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(248) 729-2414
_____/

There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in the Complaint.

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff, RANDALL ROBINSON, through his attorneys, JOHN A. SCHIPPER and DISABILITY & BENEFITS ASSOCIATES OF MICHIGAN, PLC, files this Complaint against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., as follows:

## JURISDICTION AND VENUE

1.      The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess for 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 CFR § 516.2(a)(7).

2.      The FLSA §215 also prohibits retaliation against employees for raising concerns to their employers over pay issues covered by the FLSA.  29 U.S.C. § 215(a)(3).

3.      Plaintiff was a non-exempt employee for Defendants, and was paid an hourly rate of pay for hours worked. However, Defendants implemented illegal pay procedures that deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week. Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

4.      Plaintiff raised concerns to Defendants regarding his overtime pay and was terminated because of bringing these concerns to Defendants.

5.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,*) to recover unpaid overtime, lost wage, damages for emotional distress, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

6.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

7.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part, of the events giving rise to Plaintiff's claims occurred in Wayne County, Michigan, located within Southern Division of the Eastern District of Michigan.

## THE PARTIES

9.      At all times material hereto, Plaintiff was a resident of Macomb County, Michigan.

10.     At all times material hereto, Sheppard Performance Group, Inc., (hereinafter "SPG") was a Foreign Profit Corporation. SPG was engaged in business in Michigan with a principal place of business in Wayne County, Michigan.

11.     Upon information and belief, at all times material hereto, Defendant, James A. Sheppard was an individual resident of the State of Ohio and owned and operated SPG.

12.     Upon information and belief, at all times material hereto, Defendant, Melissa Guy was an individual resident of the State of Michigan who acted as the sole manager for SPG at its Wayne County place of business.

13.     Defendant, James A. Sheppard regularly exercised authority to: (a) hire and fire employees of SPG; (b) determine the work schedules for the employees of SPG; and (c) control the finances and operations of SPG.

14.     Defendant, Melissa Guy regularly exercised authority to: (a) hire and fire employees of SPG; (b) determine the work schedules for the employees of SPG; and (c) control the finances and operations of SPG.

15.     Defendant, James A. Sheppard is an employer as defined by 29 U.S.C §201, *et seq*., in that he acted, directly or indirectly, in the interests of SPG towards Plaintiff and others similarly situated.

16.     Defendant, Melissa Guy is an employer as defined by 29 U.S.C §201, *et seq*., in that she acted, directly or indirectly, in the interests of SPG towards Plaintiff and others similarly situated.

17.     At all times material hereto, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

18.     At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

19.     At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21.     At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, sand paper, acetone, air buffers and vehicle body parts, which were used directly in furtherance of Defendants' commercial activity of reconditioning automotive body parts for use in the manufacturing of motor vehicles sold throughout the United States.

22.     At all times material hereto, the Plaintiff was an "employee" of the Defendants within the meaning of FLSA.

23.     At all times material hereto, Defendant, James A. Sheppard, was the "employer" within the meaning of FLSA.

24.     At all times material hereto, Defendant, Melissa Guy, was the "employer" within the meaning of FLSA.

25.     At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

26.     At all times material hereto, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

27.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

28.     SPG is a light manufacturing company that, *inter alia*, provides rework to automotive body parts that have been over-sprayed with paint.

29.     Defendants hired the Plaintiff to work as a non-exempt manual laborer in approximately January 2019.

30.     Plaintiff's duties included placing the car body part on a work bench, removing excess paint over-spray (with various methods including, sandpaper, acetone and buffer), placing the completed part in the completed bin and repeating.

31.     Defendants controlled Plaintiff's work schedule and hours.

32.     All work was provided at Plaintiff's rented warehouse facility located in Romulus, Michigan.

33.     Defendants provided all job tools, including sandpaper, acetone and air buffer.

34.     Plaintiff maintained the same duties throughout the duration of his employment.

35.    Plaintiff was compensated at an hourly rate of $15.00 per hour.

36.    At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a given workweek.

37.    However, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a given workweek.

38.    Instead, Defendants paid overtime hours worked in excess of forty (40) hours within a workweek at the regular rate of pay for all hours.

39.    On pay-days, Defendants would usually pay Plaintiff in cash without a paystub.

40.    Occasionally, Defendants would pay payroll with a check without a paystub.  See Attached Exhibit B.

41.    Upon information and belief, Defendants have not kept pay and time records for Plaintiff.

42.    Plaintiff brought up his concern to Defendants that he was not properly being paid time-and-a-half for hours in excess of 40 per workweek.

43.    In response to this inquiring Defendants stated that more money would be paid upon the next payroll date.

44.    This occurred several times until finally, in June 2019, Plaintiff was adamant with Defendants that he wanted his overtime paid or that he may seek legal recourse.

45.    After this demand, Defendants told Plaintiff that there was no more work, that they would call him when there was work, and that he was a "contractor" not entitled to overtime.

46.    Defendants have violated 29 U.S.C. §207 in that:

a.      Plaintiff worked in excess of forty (40) hours per workweek for Defendants;

b.      No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

c.      Defendants failed to maintain proper time records as mandated by the FLSA.

47.      Defendants violated §215 of the FLSA by terminating Plaintiff under false pretenses in retaliation for his demand to be paid in accord with the FLSA.

48.      Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

49.      Defendants' retaliation against Plaintiff in the form of terminating him under false pretenses and labeling him a "contractor" was likewise a willful violation of the FLSA.

50.      Plaintiff retained an attorney, JOHN A. SCHIPPER to represent him in the litigation and has agreed to pay the him a reasonable fee for his services.

## COLLECTIVE ACTION ALLEGATIONS

51.      Plaintiff and the class members worked for Defendants as laborers and are/were compensated on an hourly basis and performed the same or similar job duties as one another.

52.      Defendants failed to compensate Plaintiff, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) throughout the relevant time period.

53.     Defendants terminated Plaintiff, and those similarly situated, for demanding their pay conform wo the overtime mandate of the FLSA.

54.     This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime wages and termination upon demand for overtime pay to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All nonexempt laborers, who worked in excess of 40 hours in one or more workweeks within the last three years for Defendants, but were not compensated at one and one-half times their regular rate of pay for all overtime hours worked.**

55.     Thus, the class members are owed overtime wages, lost wage and damages for emotional distress for the same reasons as Plaintiff.

56.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation and termination upon demand for overtime with respect to Plaintiff and the class members.

57.     Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

58.     During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their

regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, not keeping wage records and terminating employees in retaliation for making lawful demands for their overtime pay.

59.     Defendants' failure to properly compensate their employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek and termination of employees upon their demand for overtime pay, results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

60.     Defendants acted willfully in failing to pay in accordance with the law and retaliating against Plaintiff and the class members in retaliation for expressing their rights under the law.

61.     Defendants also failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

62.   Plaintiff realleges and reincorporates paragraphs 1 to 61 as if fully set forth herein.

63.   In various times material hereto, Plaintiff performed non-exempt work and worked in excess of forty (40) hours per week.

64.   However, Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

9

65.   Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

66.   At all times material hereto, Defendants failed, and continues to fail, to maintain proper time records as mandated by the FLSA §211(c).

67.   Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

68.   Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

69.   Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for hours worked over forty (40) hours per week, plus liquidated damages.

70.   Plaintiff is entitled to an award all overtime, an amount equal to all overtime in the form of liquidated damages, and reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against the Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**COUNT II**
**VIOLATION OF 29 U.S.C. 215(a)(3)**
**RETALIATION**

71.  Plaintiff realleges and reincorporates paragraphs 1 to 70 as if fully set forth herein.

72.  Throughout his employment with Defendants, Plaintiff made several demands for overtime in expression of his right to such pay under FLSA §207.

73.  Defendants continually promised Plaintiff that said pay would be made at a later date.

74.  In approximately June 2019, Plaintiff adamantly claimed that he was to be paid overtime or he would seek legal recourse.

75.  Soon after this June 2019 demand, Defendants told Plaintiff there was no more work, that they would call him when there was work, and that he was a "contractor" not entitled to overtime.  Defendants, however, never called him back for more work.

76.  Defendants' statements to Plaintiff in this regard were knowingly false and an attempt to fraudulently lead him not to demand or pursue a claim for overtime.

77.  Defendants' act of terminating Plaintiff's employment was in retaliation for his statement that he would seek legal recourse to express his right to be paid overtime in accord with §215 of the FLSA.

78.  Due to Defendants' act of terminating Plaintiff's employment in violation of §215 of the FLSA, Plaintiff suffered and continues to suffer lost wage.

79.  Due to Defendants' act of terminating Plaintiff's employment in violation of §215 of the FLSA, Plaintiff suffered and continues to emotional distress.

80. Plaintiff is entitled to an award of reasonable attorneys' fees, his lost wage, emotional distress damages, an amount equal to his lost wage and emotional distress damages in the form of liquidated damages, and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against the Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT III
## DECLARATORY RELIEF

81. Plaintiff re-alleges and incorporates paragraphs 1 through 80 of the Complaint as if fully set forth herein.

82. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

83. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

84. Plaintiff may obtain declaratory relief.

85. Defendants employed Plaintiff.

86. Plaintiff was individually covered by the FLSA.

87. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

88. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

89. Defendants retaliated against Plaintiff in violation of 29 U.S.C. §215(a)(3).

90. Defendants did not rely on a good faith interpretation of the FLSA, its regulations or any Department of Labor opinion in their failure to abide by the provisions of the FLSA.

91. Plaintiff is entitled to an equal amount of liquidated damages in addition to his damages in accord with the above-stated violations.

92. It is in the public interest to have these declarations of rights recorded.

93. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

94. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

95. Plaintiff demands a trial by jury.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and retaliation provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff his lost wage post-termination for wage lost as a result of his unlawful termination;

d. Awarding Plaintiff damages for his emotional distress;

e. Awarding Plaintiff liquidated damages in an amount equal to the overtime, lost wage, and emotional distress award;

f. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g.   Awarding Plaintiff pre-judgment interest;

h.   Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Respectfully submitted,

DISABILITY & BENEFITS ASSOCIATES OF
MICHIGAN, PLC
/s/ JOHN A. SCHIPPER (P68770)
Attorneys for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(248) 729-2414 Phone/Fax
jschipper@disabilitybenefitsmi.com

Dated: July 29, 2019