UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL ROBINSON, on behalf of
Himself and others similarly situated,

    Plaintiff,

v.

SHEPPARD PERFORMANCE GROUP, INC.,
A Domestic Profit Corporation, JAMES A.
SHEPPARD, and MELISSA GUY, individually,
CONTINENTAL STRUCTURAL PLASTICS, INC.
A Foreign Profit Corporation, and WEBASTO
CONVERTIBLES USA, INC., a Domestic Corporation,
    Defendants.
_____

Case No.: 2:19-cv-12228-PDB-SDD
Hon. Paul D. Borman

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISS WITH PREJUDICE

COME NOW, Plaintiff, RANDALL ROBINSON ("Named Plaintiff"), on behalf of himself and others similarly situated (collectively "Plaintiffs"), and Defendants, SHEPPARD PERFORMANCE GROUP, INC., JAMES A. SHEPPARD, and MELISSA GUY, individually, CONTINENTAL STRUCTURAL PLASTICS, INC., and WEBASTO CONVERTIBLES USA, INC. (collectively "Defendants") (all parties collectively referred to as the "Parties"), by and through their respective undersigned counsel, hereby jointly file this Joint Motion for approval of the settlement agreement between the Plaintiff and

1

Defendants and dismissing the case with prejudice. In support, the Parties state as follows:

## BACKGROUND

1.  This is an action for unpaid wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2.  The Named Plaintiff filed his Complaint in the above-captioned action on July 29, 2019 (ECF No. 1) and his Amended Complaint on August 23, 2019 (ECF No. 11) ("the Lawsuit"), alleging that Defendants violated the FLSA on his own behalf and behalf of all similarly situated employees.

3.  Named Plaintiff alleged that Defendants violated the FLSA by failing to compensate him and others similarly situated at one and one-half times regular rate of pay for hours worked in excess of forty (40) hours.

4.  Following the commencement of the Lawsuit, three additional individuals, Randy Robinson, Stephanie Stout, and Rayna Walker, signed written consents to join the Lawsuit as opt-in plaintiffs, pursuant to 29 U.S.C. § 216(b) (the "Opt-in Plaintiffs"). Two individuals – Lamar Williams, and Anthony Williams - also consented to join the matter as opt-in plaintiffs but later withdrew said consent (ECF No. 34).

5.  The parties, through their counsel, are familiar with the facts of the

6.  Lawsuit and the legal issues raised by the pleadings.

7. The parties exchanged wage documents, including pay and time records for the Named and Opt-In Plaintiffs.

8. After reviewing these wage documents the parties engaged in settlement negotiations and formed the terms and conditions of settlement as the product of those negotiations, which were conducted at arm's length between the parties and their respective counsel.

9. As a result of the exchange and review of these documents, there remained genuine material disputes, which include:

   a. Whether Defendant Webasto Convertibles USA, specifically, was a joint-employer of Named Plaintiff as a matter of law;

   b. Whether there were mitigating circumstances, and/or objective and subjective good faith, in Defendants' pay practices that would call for eliminating altogether or limiting liquidated damages and attorney fees to less than 100% of actual amounts found owing.

   c. Whether Named Plaintiff or any of the Opt-In Plaintiffs are owed any additional overtime compensation by any of the Defendants.

   d. Whether Defendants' alleged violation of the FLSA was willful.

10. Upon careful review of the records and defenses, Named Plaintiff agreed to settle this matter, and believes that he and the Opt-In Plaintiffs are receiving a fair, adequate, and reasonable settlement compensation for alleged

unpaid wages and liquidated damages owed with based ono the Named and Opt-In Plaintiffs' FLSA Claims.

11. The settlement was the result of arm's length negotiations where the Parties were represented by counsel.

12. Plaintiffs' attorneys' fees, costs and expenses, in the amount of Four Thousand Five Hundred Seventy-One Dollars and Thirty Cents ($4,571.30) were negotiated and agreed upon by the Parties.

13. While the language and non-monetary terms of the settlement agreement apply equally to the Named and Opt-In Plaintiffs, the monetary payments are individualized for each, based on their alleged individualized damages.

14. Specifically, the monetary payment the Plaintiffs are to receive, inclusive of liquidated damages is as follows:

      a. Randall Robinson    $4,400.95

      b. Randy Robinson     $408.36

      c. Stephanie Stout      $2,034.58

      d. Rayna Walker       $921.84

15. The settlement represents fair, adequate and reasonable relief to the Named and Opt-In Plaintiffs based on the alleged damages each individual claims to have incurred and relative to the genuine and material disputes between the Parties, which would have otherwise have been litigated.

16. Should the Court Grant the Joint Motion to Approve FLSA Settlement, the Parties respectfully request the court Dismiss this matter with prejudice pursuant to the Proposed Joint Stipulation for Voluntary Dismissal with Prejudice. *See* ECF Nos. 34, 35.

17. The parties have conferred pursuant L.R. 7.1(a) and agree and stipulate to this Motion and waive hearing upon the Motion subject to the Court approving settlement and Dismissing this matter with Prejudice and without costs to the parties.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the Settlement Agreement and dismiss the case with prejudice.

## **STATEMENT OF ISSUES PRESENTED**

Whether the Court should approve the Parties' FLSA settlement as a "fair, adequate and reasonable" resolution of a *bona fide* dispute based on the genuine issues of fact and law that remained between the parties to be litigated, namely:

    a. whether Webasto Convertibles USA, Inc. was a joint-employer of named and opt-in plaintiffs as a matter of law;

    b. whether there were mitigating circumstances, and/or objective and subjective good faith, in Defendants' pay practices that would call for eliminating altogether or limiting liquidated damages to less than 100% of actual amounts found owing;

    c. whether Named Plaintiff or any of the Opt-In Plaintiffs are owed any additional overtime compensation by any of the Defendants;

    d. whether Defendants' alleged violation of the FLSA was willful.

*Plaintiffs' Answers:*    Yes

*Defendants' Answer:*    Yes

## **MEMORANDUM OF LAW**

An employee's rights to a minimum wage and overtime premium wages under the FLSA are mandatory and are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). An exception to that general rule exists when a *bona fide* dispute arises between the employee and employer, and that dispute is settled under court supervision. *Crawford v. Lexington-Fayette Urban Cty. Gov't,* No. 06-299, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Lynn's Food Stores v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)). The Court's obligation in reviewing settlements of FLSA claims is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (*quoting Collins v. Sanderson Farms, Inc.*, 569 F. Supp. 2d 714, 719 (E.D. La. 2000)).

This matter involves allegations of overtime violations. *See* ECF Nos. 1, 11. Named and opt-in plaintiffs allege that they were paid straight time for all hours worked but that Defendants did not pay them overtime for hours worked in excess of 40 hours per workweek as required by the FLSA. The Parties exchanged documents and discussed the merits of the matter via several correspondence. Proposals were exchanged, in particular related to the extent of potential overtime hours owed and at what percentage liquidated damages should be calculated. Defendants Sheppard Performance Group, Inc. and Continental Structural Plastics Inc. kept clear records of hours worked from which overtime calculations were

7

made. Ultimately, the parties were able to agree upon figures for overtime, liquidated damages and attorney's fees and costs. Attorneys' fees, costs and expenses were agreed to be Four Thousand Five Hundred Seventy-One Dollars and Thirty Cents ($4,571.30). Plaintiffs' specific settlement amounts for alleged overtime and liquidated damages were agreed to at the following amounts:

| | |
|---|---|
| Randall Robinson | $4,400.95 |
| Randy Robinson | $408.36 |
| Stephanie Stout | $2,034.58 |
| Rayna Walker | $921.84 |

While Defendants deny all liability, the settlement reached provides the Named and Opt-In Plaintiffs with fair, adequate, and reasonable payment terms in light of the fact that the issues of fact and law discussed above would have otherwise been litigated. As such, the Court should approve the settlement, and dismiss the case with prejudice.

## **CONCLUSION**

The Parties voluntarily agreed to the terms of their settlement, which reached at arm's length. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The settlement provides named and opt-in plaintiffs with fair, adequate and reasonable relief based on their allegations that Defendants' violated the FLSA and in light of the issues that may

8

have otherwise required extensive litigation. Accordingly, the Parties jointly and respectfully waive hearing upon this Motion and request that this Court approve the terms of the Settlement Agreement and dismiss this case with prejudice and without costs to any party.

Respectfully Submitted,

*/s/ /w permission John A. Schipper*
_____
JOHN A. SCHIPPER (P68770)
Disability & Benefits Associates of
Michigan, PLC
Attorney for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(248) 729-2414
jschipper@disabilitybenefitsmi.com

*/s/ w/ permission Faith M. Gaudaen*
_____
FAITH M GAUDAEN (P59469)
Kemp Klein Law Firm
Attorneys for Defendants
Sheppard Performance Group, James
Sheppard, Melissa Guy, and
Continental Structural Plastics
201 W. Big Beaver Rd., Ste. 600
Troy, MI 48084
(248) 619-2580
faith.gaudaen@kkue.com

*Gary C. Ankers*_____
GARY C. ANKERS (P41599)
Littler Mendelson, P.C.
Attorney for Defendant Webasto
Convertibles USA, Inc.
200 Renaissance Center
Suite 3110
Detroit, Michigan 48243
313.202.3222
gankers@littler.com

Dated: January 21 2020

9

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on January 21, 2020, via:

| | | | |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
| __X__ | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

*/s/ Gary C. Ankers*
Gary C. Ankers