UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL ROBINSON, on behalf of
Himself and others similarly situated,

          Plaintiffs,

v.

SHEPPARD PERFORMANCE
GROUP, INC., JAMES A. SHEPPARD
and MELISSA GUY, individually,
CONTINENTAL STRUCTURAL
PLASTICS, INC., and WEBASTO
CONVERTIBLES USA, INC.,

          Defendants.

Case No. 19-cv-12228

Paul D. Borman
United States District Judge

_____/

## OPINION AND ORDER GRANTING JOINT MOTION TO APROVE FLSA SETTLEMENT AND DISMISS WITH PREJUDICE (ECF NO. 35)

Named Plaintiff Randall Robinson filed his Complaint in this action on July 29, 2019, and his First Amended Complaint on August 23, 2019, alleging claims for unpaid wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("the FLSA") and for declaratory judgment. (ECF No. 1, Complaint; ECF No. 11, First Amended Complaint ("FAC").) Before the Court is a Joint Motion to Approve Settlement and Dismissing The Case With Prejudice (ECF No. 35) and the Affidavit of John A. Schipper in support of that Motion (ECF No. 37). The parties seek the Court's approval of the settlement terms reached by the parties and dismissal of the

Named and Opt-in Plaintiffs' claims with prejudice. The parties have waived hearing and the Court has determined that oral argument is not necessary for proper resolution of this motion and will resolve the matter on the parties' written submissions. E.D. Mich. L. R. 7.1(f)(2).

The Court finds that the proposed settlement accomplishes a fair and reasonable settlement of Plaintiffs' bona fide FLSA disputes, GRANTS the joint motion for approval of the settlement agreement, and DISMISSES Plaintiffs' claims with prejudice.

## I.    LEGAL STANDARD

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Id*. Therefore, "an employee may not waive or otherwise settle a FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Settlements of FLSA claims that are reached in the context of litigation, where "[t]he employees are likely to be represented by an attorney who can protect their rights under the statute," are proper subjects for judicial review and possible approval because they are "more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's*, 679 F.2d at 1354. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*.

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016) (internal quotation marks and citations omitted). In determining whether a proposed settlement is fair and reasonable, the court may consider several factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) and the possibility of fraud or collusion.

3

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted). *See also Williams v. Alimar Sec., Inc.*, No. 13-cv-12732, 2017 WL 427727, at *2-3 (E.D. Mich. Feb. 1, 2017) (citing *Wolinsky* and analyzing these same factors to conclude that proposed FLSA settlement agreement was fair and reasonable). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Snook v. Valley OB-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015). "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336 (citing 29 U.S.C. § 216(b)).

## II. ANALYSIS

Named Plaintiff alleges in his First Amended Complaint that Defendants neglected and/or refused to pay overtime compensation to Plaintiff and others similarly situated. (FAC ¶¶ 51-61, 66-76.) Plaintiff also alleges that when he complained to Defendants about the failure to pay overtime wages, Defendants retaliated against him by terminating his employment. (*Id.* ¶¶ 57-60.) Following commencement of the lawsuit, three additional individuals, Randy Robinson, Stephanie Stout and Rayna Walker joined the lawsuit as Opt-In Plaintiffs. (ECF Nos. 5, 19, 24.) Two other individuals – Lamar Williams and Anthony Williams –

also consented to join the matter as opt-in plaintiffs but later withdrew that consent. (ECF Nos. 5, 34.)

The parties have entered into a settlement agreement resolving each of Named Plaintiff's and Opt-In Plaintiffs' claims asserted in the First Amended Complaint, including their claims under the FLSA. The FLSA requires this Court to "scrutinize the proposed settlement [of the FLSA claim] for fairness and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams*, 2016 WL 319596, at *1. Here, the parties represent that they reached this settlement through extensive negotiations between the parties' respective counsel following the exchange of wage documents, including pay and time records for the Named and Opt-In Plaintiffs. (Joint Mot. ¶¶ 7-8, 10-11.) The parties state that following the exchange of documents there remain several genuine material disputes, but that the settlement is a fair, adequate and reasonable compromise of the issues actually in dispute. (Joint Mot. ¶¶ 9-15.) Based on the wage documents exchanged, the parties agreed to individualized monetary payments for the Named and Opt-In Plaintiffs as follows:

| | |
|---|---|
| Randall Robinson | $4,400.95 |
| Randy Robinson | $408.36 |
| Stephanie Stout | $2,034.58 |
| Rayna Walker | $921.84 |

(*Id.* ¶ 14.) The parties also negotiated and agreed to Plaintiffs' attorneys' fees, costs and expenses in the amount of $4,571.30, and submitted an affidavit of Plaintiffs'

counsel in support of that amount. (*Id.* ¶ 12; Schipper Aff.) In exchange, Named Plaintiff and Opt-In Plaintiffs agree to the dismissal with prejudice of *all* claims that exist or might exist against Defendants. (*Id.* ¶ 16.) The parties also request the Court to enter an Order of Dismissal of this action upon the grant of the Joint Motion.

The Court finds that there was a bona fide dispute in this case over whether Named and Opt-In Plaintiffs were paid the overtime compensation that they seek, whether Defendants are joint-employers of Named Plaintiff, and whether Defendants' alleged violation of the FLSA was willful. The parties explored, through the assistance of their experienced counsel, the best and worst case scenarios for each party and arrived at settlement amounts deemed fair by all. The Court finds that the settlement was a fair and reasonable compromise of Plaintiffs' bona fide disputed claims that the parties recognize would otherwise require extensive litigation and significant costs. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's*, 679 F.2d at 1354. The Court also finds that Plaintiffs' counsel fee, costs and expenses in the amount of $4,571.30 is reasonable for the work performed and the result obtained. *See Williams*, 2016 WL 319596, at *2 (noting that courts in this

district have approved FLSA settlements where the attorneys' fees were "slightly greater" than the plaintiff's recovery).

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Joint Motion to Approve FLSA Settlement and Dismiss With Prejudice. (ECF No. 35.)

The Court further Orders that the case, including the claims of both the Named Plaintiff and the Opt-In Plaintiffs who have filed consent to join this matter, is **DISMISSED WITH PREJUDICE** and without costs to any party.  This is a final Order and closes the case.

IT IS SO ORDERED.

                                                    s/Paul D. Borman
Dated: February 10, 2020              Paul D. Borman
                                                    United States District Judge